UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RANDALL LEE WALKER,**

    **Plaintiff,**

v.                                                                                  Case No. 5:22-cv-649-WFJ-PRL

**UNITED STATES PENITENTIARY COLEMAN #2, FNU SWAIN, FNU WEGNER, FNU VELASQUEZ, FNU SUMMERFIELD,**

    **Defendants.**
_____/

**Report and Recommendation**[1]

Randall Lee Walker, a federal inmate at the United States Penitentiary Terre Haute ("USP Terre Haute"), brought this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972),[2] alleging the defendants—prison staff, the warden, and the prison itself—violated his First Amendment rights. Four of the defendants filed a motion to dismiss (Doc. 56),[3] and argued that Plaintiff's second amended complaint is

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] The United States Supreme Court established the availability of a cause of action against federal officials in their individual capacities for violations of federal constitutional rights in *Bivens*, 403 U.S. at 394–97.

[3] Walker has not yet served Defendant Swain, and consequently, she does not join the other defendants in their motion to dismiss. Because I find that Walker fails to state a claim under *Bivens*, I submit that Walker's claim against Swain should be dismissed sua sponte. *See* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding when the district court determines that the complaint is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief"); *Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001) ("28 U.S.C. §

1

due to be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) because Plaintiff failed to state a cognizable claim under *Bivens*. I agree and respectfully submit that Defendants' motion to dismiss should be granted.

## I. Legal Standard

Rule 12(b)(1) permits dismissal when a court lacks subject matter jurisdiction. Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms. *Carmichael v. Kellogg, Brown & Root Serv., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528 (11th Cir. 1990). First, a facial attack on jurisdiction occurs when a defendant contends that "the facts as stated [] do not provide cause for federal jurisdiction." *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). When reviewing a facial attack, "the facts alleged by the plaintiff are given the same presumption of truthfulness as they would receive under a 12(b)(6) motion." *Id.* Second, a factual attack on jurisdiction occurs when a defendant challenges "the [] facts providing cause for jurisdiction[.]" *Barnett*, 283 F.3d at 1237–38. Upon reviewing a factual attack there is no presumption of truthfulness and "the district court is allowed to consider the facts [that give rise to its subject matter jurisdiction] as it sees fit." *Id.*

Rule 12(b)(6) permits dismissal when a plaintiff fails "to state a claim upon which relief can be granted[.]" To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

1915(e)(2)(B)(i), [] requires the district court to 'dismiss the case at any time if the court determines that the action . . . is frivolous.'"); *Berry v. Bureau of Prisons*, No. 5:20-CV-424-KKM-PRL, 2021 WL 4166181, at *2 (M.D. Fla. July 27, 2021) ("Under the Prison Litigation and Reform Act (PLRA), this Court must dismiss a complaint sua sponte if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief."); *see also* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the under the same circumstances as § 1915(e)).

678, (2009) (citation omitted). When considering a Rule 12(b)(6) motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). Moreover, the court may dismiss a claim when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *See Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## II. Second Amended Complaint

Walker is a federal inmate housed at USP Terre Haute in Illinois. (Doc. 30). Walker's claims arise from events that occurred while he was housed at the United States Penitentiary Coleman ("USP Coleman") in 2022. (Doc. 31 at 5). Walker alleges that on April 4, 2022, Velasquez brought Walker his legal mail, but it was already open. (Doc. 31 at 5, 13–14). The mail was marked as legal mail and stated that it should be opened only in the inmate's presence. (*Id.*). On May 4, 2022, Summerfield read Walker's § 2255 motion to vacate/set aside sentence, which included information that could get him killed, out loud for everyone to hear. (Doc. 31 at 5, 12).

Walker complained about these issues to Wegner. (Doc. 31 at 5, 13). Wegner told Walker that there is nothing he can do about the issues and that Walker should not send any more mail out because Summerfield will continue to throw his outgoing mail in the trash. (*Id.*). Walker further alleges that Summerfield continues to tamper with his mail because he

3

tried to "write him and his boss up for mail tampering." (Doc. 31 at 5). According to Walker, these issues impacted his ability to file his § 2255 motion. (*Id.*).

III. **Discussion**

Walker attempts to assert two claims under the First Amendment.[4] First, Walker claims the defendants violated his First Amendment right to free speech when the defendants opened and read his legal mail outside of his presence. *See Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009) ("a prisoner's constitutional right of access to the courts requires that incoming legal mail from his attorneys, properly marked as such, may be opened only in the inmate's presence and only to inspect for contraband[]"). Second, Walker claims the defendants retaliated against him in violation of his First Amendment rights when the defendants continued to throw out Walker's mail because he filed grievances and complained about mail issues. *See Christmas v. Nabors*, 76 F.4th 1320, 1333–34 (11th Cir. 2023) (citing *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008)) ("Prison officials violate a prisoner's 'First Amendment rights to free speech and to petition the government' by punishing that prisoner 'for filing a grievance concerning the conditions of his imprisonment.'").

Defendants USP Coleman, Summerfield, Velasquez, and Wegner argue in their motion to dismiss that Walker's claims are not cognizable under *Bivens* after the Supreme Court's decision in *Ziglar v. Abbasi*, 582 U.S. 120 (2017). Defendants also argue that they

---

[4] In his response to Defendants' motion to dismiss, Walker also mentions the Eighth Amendment; however, Walker does not assert any factual or legal basis for an Eighth Amendment claim and, even if he did, the Court need not address this claim as it was not brought in his second amended complaint. *See e.g., Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (holding that the plaintiff could not raise a new claim in subsequent pleadings).

4

cannot be sued in their official capacities and that USP Coleman is not a proper party under *Bivens*.[5]

### A. Existence of a *Bivens* remedy

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officers—sued in their individual capacities—for violations of the Fourth Amendment. 403 U.S. at 394–97. The Court has extended the *Bivens* remedy in only two other contexts: a Fifth Amendment equal protection claim for sex discrimination in employment, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979); and an Eighth Amendment claim against federal prison officials for failure to provide medical treatment, *Carlson v. Green*, 446 U.S. 14, 19–23 (1980). Since deciding *Bivens*, *Davis*, and *Carlson,* the Supreme Court has "adopted a far more cautious course before finding implied causes of action[,]" and thus, "has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'" *Ziglar*, 582 U.S. at 132, 135 (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 582 U.S. at 135 (citation omitted).

To determine whether a claim is actionable under *Bivens*, courts make a two-step inquiry. First, courts "ask whether the case presents a new *Bivens* context—*i.e.*, is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (cleaned up). Second, if the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating

---

[5] The defendants also claim: (1) Walker failed to exhaust his remedies under the Prison Litigation Reform Act; (2) even if *Bivens* extended to this context, Walker fails to state a violation of a constitutional right; and (3) the defendants are entitled to qualified immunity. (Doc. 56). Based on my conclusion that this action is not viable under *Bivens*, I decline to address these arguments.

that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136).

In *Egbert*, the Supreme Court held that "there is no *Bivens* action for First Amendment retaliation." *Egbert*, 596 U.S. at 499. Therefore, to the extent that Walker claims the defendants retaliated against him for exercising his rights under the First Amendment, he fails to state a claim under *Bivens*.

Walker's other claim is also brought under the First Amendment and is thus a new *Bivens* context unrecognized by the Supreme Court. Because Walker's claim arises in a new context, this Court must consider whether special factors counsel hesitation in extending *Bivens* in this instance. *See Ziglar*, 582 U.S. at 136. I submit that they do.

Given the Supreme Court's language regarding what constitutes a factor that warrants hesitation, it is difficult to conceive of a claim that would warrant an extension, particularly under the Court's recent cases. For example, in *Egbert*, the Court said that "the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?" 596 U.S. at 491–92 (quoting *Hernandez v. Mesa*, 589 U.S. 93, 109–10 (2020)). The Court further explained that "[i]f there is a rational reason to think that the answer is 'Congress'—as it will be in most every case—no *Bivens* action may lie." *Egbert*, 596 U.S. at 492 (citing *Ziglar*, 582 U.S. at 136). The Court also broadly said that when considering a factor that counsels hesitation, "[e]ven in a particular case, a court likely cannot predict the 'systemwide' consequences of recognizing a cause of action under *Bivens*," and that "[t]hat uncertainty alone is a special factor that forecloses relief." *Egbert*, 596 U.S. at 493. Allowing a damages claim for improperly handling prisoner mail is within Congress's power, and "[t]he Judiciary is ill equipped to alter" the framework established by Congress for addressing

conduct that allegedly violates the Constitution, "especially [] when it comes to First Amendment claims." *Id.* at 500.

A further factor counseling hesitation is legislative action suggesting that Congress does not want a damages remedy. *Ziglar*, 582 U.S. at 148. Specifically, as noted by the Supreme Court in *Ziglar*:

> Some 15 years after *Carlson* [*v. Green*] was decided, Congress passed the [PLRA], which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion requirements would apply to *Bivens* suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Id.* at 148–49 (internal citations omitted). As other courts have recognized, Congress has been active in prisoner's rights and has not created a damages remedy against individual officers. *See, e.g., Berry v. Bureau of Prisons*, No. 5:20-cv-424-KKM-PRL, 2021 WL 4166181, at *3 (M.D. Fla. July 27, 2021) (explaining that the choice by Congress to not create a damages remedy for cases like this one "forecloses this Court from taking it upon itself to legislate monetary damages for constitutional claims where the legislative branch elected not to do so"); *Dugan v. Scott*, No. 5:13-cv-235-Oc-32PRL, 2019 WL 4737609, at *5 (M.D. Fla. Sept. 27, 2019) ("Given Congress's active role in the area of prisoner rights, this factor causes the Court to 'hesitate' and weighs against extending *Bivens* remedy in this case"); *McRae v. Lockett*, No. 5:17-cv-299-Oc-02PRL, 2019 WL 2303264, at *6 (May 30, 2019) ("While Congress's failure to create a damages remedy is not definitive, the fact remains that Congress has been active in the area of prisoners' rights and has not created a damages remedy."). This causes the Court to hesitate and further cuts against extending the *Bivens* remedy to Walker's case.

Also counseling restraint is that prison-based claims present a risk of interference with prison administration. *See Callahan v. Federal Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020). As the Supreme Court has noted, "[r]unning a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources" and those tasks fall "peculiarly within the province of the legislative and executive branches." *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987)). "Given the array of challenges facing prison administration and the complexity of those problems, 'separation of powers concerns counsel a policy of judicial restraint,'" and, in other words, counsel in favor "of the judiciary not creating new causes of action in this area." *Callahan*, 965 F.3d at 524 (citations omitted); *see also Montalban v. FNU Boley*, No. 5:16-cv-405-Oc-60PRL, 2021 WL 252339, at *16 (M.D. Fla. Jan. 26, 2021) ("courts have historically exercised judicial restraint in cases implicating prison administration").

### B. Sovereign Immunity

Furthermore, Defendant USP Coleman is immune from suit for constitutional tort claims and the individual officers cannot be sued in their official capacities. "While a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity." *Solliday v. Fed. Officers*, 413 F. App'x 206, 209 (11th Cir. 2011) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Claims against federal agencies and federal officials in their official capacity are treated as claims against the United States itself. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963). Such treatment is necessary because "the judgment sought would expend itself on the public treasury." *Id.*; *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Similarly, a claim against a federal penitentiary would

expend itself on the public treasury. Therefore, Walker's claims against USP Coleman and the officers in their official capacities are actually claims against the United States.

Walker asserts violations of his constitutional rights, which are not cognizable against the United States because the United States has not waived its sovereign immunity regarding constitutional torts. *FDIC v. Meyer*, 510 U.S. at 475; *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued."); *JBP Acquisitions v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir. 1968) ("The immunity of the sovereign, however, extends to its agencies . . . and the officers of those agencies."). Sovereign immunity is "a complete bar to lawsuits against the United States." *State of Florida Dept. of Business Regulation v. U.S. Dept. of Interior*, 768 F.2d 1248, 1251 (11th Cir. 1985). Waivers of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992) (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction, and thus must prove an explicit waiver of immunity. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

In the Federal Tort Claims Act ("FTCA"),[6] "Congress authorized a limited waiver of sovereign immunity[.]" *Martinez v. Minnis*, 257 F. App'x 261, 263–64 (11th Cir. 2007) (citing *Means v. United States*, 176 F.3d 1376, 1378–79 (11th Cir. 1999)). If Walker wishes to bring a claim against the United States regarding the conditions at USP Coleman, he must do so

---

[6] The FTCA authorizes suit against the United States "when federal employees commit torts while acting within the scope of their employment." *Martinez v. Minnis*, 257 F. App'x at 263–64 (citing *Means v. United States*, 176 F.3d at 1378–79). 28 U.S.C. § 1346(b)(1).

under the FTCA, not *Bivens*. Walker does not mention the FTCA or any tort violations in his complaint or his response to the defendants' motion to dismiss, but instead only mentions his constitutional rights. Thus, there is no indication that Walker intended to assert an FTCA claim. Indeed, while not dispositive, in the exhaustion portion of his complaint he notes no effort to comply with the FTCA's exhaustion requirements.

Accordingly, any claim that Walker asserts against the United States, USP Coleman, or the officers in their official capacity must be dismissed. *See Bennett v. United States*, 102 F.3d 486, 488 n.1 (11th Cir.1996) ("Unless the United States may be held liable pursuant to the terms of the [FTCA], the sovereign's immunity remains intact, and no subject matter jurisdiction exists.").

### IV.  Recommendation

I submit that *Bivens* does not extend to the facts of this case and that Walker lacks a claim against the individual officers. In addition, I submit that Walker's claims against USP Coleman and the officers in their official capacities are barred by sovereign immunity. Because Walker's allegations fail to state a claim upon which relief may be granted, the motion to dismiss should be granted and the second amended complaint should be dismissed in its entirety.

Recommended in Ocala, Florida on this 6th day of May, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

**COPIES FURNISHED TO:**
Presiding District Judge
Counsel of Record
Randall Lee Walker, pro se
Courtroom Deputy